UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES GOWEN,

      Plaintiff,                      Case No. 12-cv-15570

v.                                           Paul D. Borman
                                            United States District Court

EVERBANK,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS AND DISMISSING THIS ACTION WITH PREJUDICE

On December 12, 2012, Defendant Everbank filed a well-supported motion to dismiss. (ECF No. 2.) On January 3, 2013, the Court issued a notice of hearing requiring Plaintiff to respond to the motion on or before January 31, 2013. (ECF No. 4.) Plaintiff failed to respond to the motion and on February 15, 2013, this Court issued an Order to Show Cause to Plaintiff why Defendant's motion to dismiss should not be granted as unopposed. (ECF No. 5.) On March 14, 2013, this Court entered a stipulated order, signed by Plaintiff's then-counsel Emmett Greenwood and counsel for Defendant, dismissing this action with prejudice. (ECF No. 6.)

On April 12, 2013, Plaintiff, represented by new counsel, Sean Shearer, filed a motion to set aside the dismissal, arguing that Plaintiff was unaware that his attorney, Emmett Greenwood, had agreed to dismiss his case with prejudice. (ECF No. 9.) Defendant filed a response, opposing the motion to set aside the dismissal, arguing that Plaintiff had not established sufficient facts to support his claim of excusable neglect for his failure to respond to Defendant's motion. (ECF No. 10.) For the reasons stated in an Order entered on May 3, 2013, the Court granted the motion to set aside the

1

dismissal and gave Plaintiff another opportunity to respond to Defendant's motion to dismiss. (ECF No. 12.) The Court issued another notice of hearing on the Defendant's motion and required Plaintiff to respond on or before August 5, 2013. (ECF No. 15.)

Despite having been given a second chance to mount a meaningful defense to the Defendant's motion to dismiss, Plaintiff has once again failed, without excuse, to respond as ordered by the Court. "'[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'" *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (quoting *Scott v. State of Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989), which affirmed district court's grant of unopposed motion to dismiss). In this case, given Plaintiff's blatant failure to respond despite having been given a second opportunity to do so, the Court concludes that Plaintiff does not oppose the motion.

Accordingly, Defendant's motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2013.

s/Deborah Tofil
Case Manager
